IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROGER SCOTT WILSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 15-967-LPS |
| | : |
| E.I. DUPONT DE NEMOURS AND COMPANY, et al., | : |
| | : |
| Defendants. | : |

Roger Scott Wilson, Newark, Delaware, Pro Se Plaintiff.

Lauren E.M. Russell, Esquire, Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware, and Janet O. Lee, Esquire and J. Michael Nolan, III, Esquire, Jackson Lewis P.C., Philadelphia, Pennsylvania. Counsel for Defendants.

**MEMORANDUM OPINION**

March 13, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Roger Scott Wilson ("Plaintiff") proceeds *pro se*. He commenced this action on October 23, 2015, pursuant to the whistleblower protection provision of the Consumer Product Safety Act, 15 U.S.C. § 2087 ("CPSA"), and the employee protection provision of the Fair Labor Standards Act, 29 U.S.C. § 218c ("FLSA"). (D.I. 1) The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Presently before the Court are Defendants' motion to dismiss and Plaintiff's motion for summary judgment, as well as the parties' oppositions to both motions. (D.I. 15, 16, 17, 18, 19, 20, 21) For the reasons that follow, the Court will grant Defendants' motion and will deny Plaintiff's motion.

## II. BACKGROUND

Plaintiff was employed by Defendants E.I. Du Pont de Nemours and Company ("Du Pont") and Pioneer Hi-Bred International, Inc. ("Pioneer") in various positions for some 24 years until July 27, 2012, when, he alleges, he was forced to resign. Plaintiff alleges that his resignation was the culmination of retaliation and harassment that he endured for 12 years after he refused to file a falsified safety report in August 2000 concerning a July 27, 2000 gas cylinder leak incident. Plaintiff alleges that he was discharged in violation of the CPSA and the FLSA. He seeks compensatory and punitive damages.

## III. LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

1

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See*

2

*Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

Defendants move for dismissal pursuant to Rule 12(b)(6) on the grounds that Plaintiff has failed to exhaust his administrative remedies as is statutorily required. Plaintiff opposes the motion to dismiss and moves for summary judgment on the grounds that Defendants have not denied his claims and they never responded to the charge of discrimination that he filed with Equal Employment Opportunity Commission ("EEOC").

## IV. DISCUSSION

### A. 15 U.S.C. § 2087 and 29 U.S.C. § 218c

Plaintiff raises claims under 15 U.S.C. § 2087 of the CPSA and 29 U.S.C. § 218c of the FLSA. Both statutes have the same procedural requirements that must be met before filing a civil action in court.

Section 2087(a) of the CPSA prohibits employers from discharging or discriminating against an employee because the employee:

> (1) provided, caused to be provided, or is about to provide or cause to be provided to the employer, the Federal Government, or the attorney general of a State information relating to any violation of, or any act or omission the employee reasonably believes to be a violation of any provision of this chapter or any other Act enforced by the Commission, or any order, rule, regulation, standard, or ban under any such Acts;

3

> (2) testified or is about to testify in a proceeding concerning such violation;
>
> (3) assisted or participated or is about to assist or participate in such a proceeding; or
>
> (4) objected to, or refused to participate in, any activity, policy, practice, or assigned task that the employee (or other such person) reasonably believed to be in violation of any provision of this chapter or any other Act enforced by the Commission, or any order, rule, regulation, standard, or ban under any such Acts.

15 U.S.C. § 2087(a). Section 218c(a)(5) of the FLSA prohibits employers from discharging an employee because the employee has "objected to, or refused to participate in, any activity, policy, practice, or assigned task that the employee (or other such person) reasonably believed to be in violation of any provision of this title (or amendment), or any order, rule, regulation, standard, or ban under this title (or amendment)." 29 U.S.C. § 218c(a)(5).

Pursuant to 29 U.S.C. § 218c(b)(1) of the FLSA, "[a]n employee who believes that he or she has been discharged or otherwise discriminated against by any employer in violation of this section may seek relief in accordance with the procedures, notifications, burdens of proof, remedies, and statutes of limitation set forth in section 2087(b) of title 15." 29 U.S.C. § 218(c). Under 15 U.S.C. § 2087(b) of the CPSA,

> (1) A person who believes that he or she has been discharged or otherwise discriminated against by any person in violation of subsection (a) may, not later than 180 days after the date on which such violation occurs, file (or have any person file on his or her behalf) a complaint with the Secretary of Labor alleging such discharge or discrimination and identifying the person responsible for such act. . . .
>
> (2)(a) . . . the Secretary shall initiate an investigation and determine whether there is reasonable cause to believe that the complaint has merit and notify, in writing, the complainant and the person alleged to have committed a violation of subsection (a) of the Secretary's findings. . . .

4

> (4) If the Secretary has not issued a final decision within 210 days after the filing of the complaint, or within 90 days after receiving a written determination, the complainant may bring an action at law or equity for de novo review in the appropriate district court of the United States with jurisdiction, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury.

15 U.S.C. § 2087(b). Accordingly, under either statute, Plaintiff may commence an action in federal court only after filing a complaint with the Secretary of Labor and if "the Secretary has not issued a final decision within 210 days after the filing of the complaint, or within 90 days after receiving a written determination." Failure to exhaust administrative remedies is a ground to dismiss a case for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Devine v. St. Luke's Hosp.*, 406 F. App'x 654, 656 (3d Cir. Jan 10, 2011).

There is nothing in the Complaint to indicate that Plaintiff filed a complaint with the Secretary of Labor or, as he now advises, that he filed a charge of discrimination with the EEOC. Defendants argue that dismissal is appropriate because Plaintiff failed to exhaust the necessary procedural requirements. Conversely, Plaintiff argues that he properly exhausted the administrative requirements when, on October 2, 2012, he filed a charge of discrimination with the EEOC, and he received the notice of right to sue on July 27, 2015. It is Plaintiff's position that he met his exhaustion requirements by virtue of the steps he took with the EEOC. Plaintiff did not provide the Court with a copy of the notice of suit rights.

The Court finds unavailing Plaintiff's position that the notice of suit rights issued by the EEOC satisfies the exhaustion requirements of 15 U.S.C. § 2087 and 29 U.S.C. § 218c. Under existing statutory schemes, a plaintiff must file separate complaints with each respective agency: (1) for claims brought pursuant to 15 U.S.C. § 2087 and 29 U.S.C. § 218c, this requires filing a complaint with the Secretary of Labor; and (2) for employment discrimination claims under Title

5

VII, this requires the filing of a charge of discrimination with the EEOC. *See e.g., Hickman v. Amazon Fullfilment,* ___F. App'x___, 2016 WL 5751406, at *2 (3d Cir. Oct. 4, 2016).

Plaintiff elected to pursue claims under 15 U.S.C. § 2087 and 29 U.S.C. § 218c. These claims fall outside the framework contemplated by Title VII, the Americans with Disability Act, and other similar employment discrimination statutes that speak to discrimination based upon a protected characteristic such as race, color, religion, sex, national origin, or disability. The Complaint contains no such claims.[1] Rather, it alleges retaliation and harassment that occurred over a 12-year time-frame after Plaintiff refused to file a falsified safety report.

Plaintiff failed to exhaust his administrative remedies -- under the statutes pursuant to which he brings his claims, he must first file a complaint with the Secretary of Labor and not with the EEOC. Hence, he has failed to establish compliance with either 15 U.S.C. § 2087 or 29 U.S.C. § 218c.

Finally, Plaintiff alleges that he was forced to resign on July 27, 2012. Thus, the time for exhaustion has long expired, making any claims raised pursuant to 15 U.S.C. § 2087 or 29 U.S.C. § 218c futile. *See* 15 U.S.C. § 2087(b)(1) (person who believes he has been discharged or otherwise discriminated against may, not later than 180 days after date on which such violation occurs, file complaint with Secretary of Labor, alleging discharge or discrimination and identifying person responsible for such act); *see also Shine v. Bayonne Board of Educ.*, 633 F. App'x 820, 824 (3d Cir. Sept. 22, 2015) (failure to exhaust administrative remedies is generally fatal to claim). Plaintiff has failed to state a claim upon which relief may be granted. Therefore, the Court will grant Defendants' motion and will dismiss with prejudice.

---

[1] The Complaint does refer to "racial commentary" made by one of Plaintiff's supervisors. (D.I. 1 at 16)

## V. CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss (D.I. 15) and will deny as moot Plaintiff's motion for summary judgment (D.I. 18).

An appropriate Order will be entered.